IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN P. SIMON,

      Plaintiff,                    No. CIV S-10-2555 GEB DAD P

   vs.

CDCR et al.,

      Defendants.          ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. In accordance with the court's March 11, 2011 order, plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff had already filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

       Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis at this time.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall

1  be collected and forwarded by the appropriate agency to the Clerk of the Court each time the
2  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.
3  § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In this action, plaintiff has identified close to thirty defendants. His hand-written complaint spans sixty pages. Plaintiff's allegations are confusing, disorganized, and in some instances appear to be outlandish and unbelievable. For example, plaintiff appears to complain that prison officials have repeatedly used a penile torture device on him since year 2000 at various institutions, including Mule Creek State Prison, Avenal State Prison, Folsom State

Prison, Atascadero State Hospital, Coalinga State Hospital, and Corcoran State Prison. He also appears to complain about a tracking device that has allegedly been implanted in him, apparently by prison officials. Finally, plaintiff appears to complain about various other issues, including lost property, racism, temperatures and lighting in his cells, medical and mental health care, and so on.

## DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

1  Plaintiff is advised that, if he elects to proceed in this action by filing an amended
2 complaint, he must clarify what constitutional right he believes each defendant has violated and
3 support each claim with factual allegations about each defendant's actions. Any amended
4 complaint must be short and plain and comply with Rule 8 of the Federal Rules of Civil
5 Procedure. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131-32 (9th Cir. 2008)
6 (a complaint that is "so verbose, confused, and redundant that its true substance, if any, is well
7 disguised" violates Rule 8).

8  In addition, the court will not allow plaintiff to proceed in this action against
9 multiple defendants when his claims against those defendants are wholly unrelated. See Fed. R.
10 Civ. P. 18(a). Plaintiff may pursue multiple claims against a single defendant, but he may not
11 pursue unrelated claims against different defendants. See George v. Smith, 507 F.3d 605 (7th
12 Cir. 2007). In George, a state prisoner sued twenty-four persons who had some role in his
13 confinement and alleged numerous violations of his constitutional rights. In reviewing plaintiff's
14 "mishmash complaint," the Seventh Circuit Court of Appeals explained:

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

24 Id. at 607. See also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both
25 commonality and same transaction requirements are satisfied); Rowe v. Baughman, No. CIV S-
26 10-2843 EFB P, 2011 WL 720072 at *3 (E.D. Cal. Feb. 22, 2011) (relying on the decision in

George v. Smith and dismissing complaint with leave to amend due to plaintiff's failure to comply with Rule 18 of the Federal Rules of Civil Procedure); Poye v. California, No. CIV S-10-3221 GGH, 2011 WL 587589 at *2 (E.D. Cal. Feb. 9, 2011) (same).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Also pending before the court are several of plaintiff's motions. First, plaintiff has filed three motions in which he appears to seek an extension of time to file his application to proceed in forma pauperis. Plaintiff had already filed his application to proceed in forma pauperis, complete with a prison official's certification and a copy of his prison trust account statement for the six-month period immediately preceding the filing of this action. Accordingly, the court will deny these motions as unnecessary.

Plaintiff also appears to have filed a motion for a nunc pro tunc extension of time to file his complaint. Good cause appearing, the court will grant plaintiff's motion. The court has screened plaintiff's complaint in accordance with U.S.C. § 1915A(a). For the reasons discussed above, the court will dismiss plaintiff's complaint with leave to file an amended complaint.

Next, plaintiff has filed a second application to proceed in forma pauperis. This application to proceed in forma pauperis is incomplete. In any event, as noted above, the court will grant plaintiff in forma pauperis status based on his previously-filed complete application to proceed in forma pauperis.

Finally, the court notes that plaintiff has filed a "Letter of Complaint" with the court in which he alleges "updated information" about alleged ongoing torture and improper treatment. Plaintiff is advised that court will not allow the piecemeal filing of supplemental complaints in this action. See Local Rule 220. If plaintiff elects to proceed with this action by filing an amended complaint, he should include all of his allegations therein in a manner that complies with the short and plain requirement of Rule 8 and this court's order.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. Plaintiff's motions for an extension of time to file an application to proceed in forma pauperis (Doc. Nos. 17, 18 & 22) are denied as unnecessary.

6. Plaintiff's incomplete motion to proceed in forma pauperis (Doc. No. 20) is denied as unnecessary.

7. Plaintiff's motion for a nunc pro tunc extension of time to file his complaint (Doc. No. 23) is granted.

/////

8. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: August 3, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
simo2555.14a